David ANDERSON, Plaintiff-Appellant,

and

Equal Employment Opportunity Commission, Intervenor-Appellant,

v.

GENERAL DYNAMICS CONVAIR AEROSPACE DIVISION, a Corporation and International Association of Machinists and Aerospace Workers, AFL-CIO, Silvergate District Lodge, an Association, Defendants-Appellees.

No. 80-5373.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 15, 1981.

Decided June 23, 1981.

Leroy D. Clark, Joseph T. Eddins Jr., Susan Buckingham Reilly, Lutz Alexander Prager, Washington, D.C., David Watkins, Jenkins & Watkins, Inc., Dallas, Tex., for plaintiff-appellant.

Ward W. Waddell, Jr., Douglas F. Olins, San Diego, Cal., argued for defendants-appellees; Olins, Foerster & Siegel, San Diego, Cal., Robert E. Williams, McGuiness & Williams, Washington, D.C., on brief.

Before HUG, TANG and FARRIS, Circuit Judges.

HUG, Circuit Judge:

This is a Title VII action in which Anderson claims he was discharged from his employment in violation of the religious discrimination provisions of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a) & (c) and 42 U.S.C. § 2000e(j). This case is before us for the second time on appeal. On the first appeal we considered only the question of whether a reasonable accommodation to Anderson's religious beliefs had been made in accordance with the provisions of Title VII; we did not consider whether those provisions were constitutional. This appeal poses the issue of the constitutionality of the provisions under the establishment clause of the first amendment.

Anderson, a former employee of General Dynamics Convair Aerospace Division (General Dynamics), brought this Title VII action against General Dynamics and the International Association of Machinists and Aerospace Workers, AFL–CIO, Silvergate District Lodge 50 (the Union), claiming that he had been discharged in violation of the religious discrimination provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2(a) & (c), 2000e(j). He sought reinstatement of employment and benefits, an injunction restraining the Union from discriminating against him, back pay and allowances, reasonable attorney's fees, costs and interest. The district court held that no accommodation to Anderson's religious beliefs was possible because his offer to contribute the amount of Union

**1248**

dues to a charity of his choice, rather than to the Union or charities of the Union's choice, imposed an undue hardship on the Union. *Anderson v. General Dynamics Convair Aerospace Division*, 430 F.Supp. 418 (S.D.Cal.1977).

In Anderson's first appeal, General Dynamics and the Union failed to carry their burden of proof that they could not reasonably accommodate Anderson's religious convictions without undue hardship. The judgment of the trial court was reversed and remanded. *Anderson v. General Dynamics Convair Aerospace Division*, 589 F.2d 397 (9th Cir. 1978), *cert. denied*, 442 U.S. 921, 99 S.Ct. 2848, 61 L.Ed.2d 290 (1979). We noted that the district court had not reached the constitutional issue and, under those circumstances we declined to do so. *Id.* at 402 n.5, 489 F.Supp. 782. On remand, the district court did consider the issue and determined that the Title VII provision, pursuant to which the accommodation was ordered, was unconstitutional on its face under the establishment clause. The district court entered judgment for appellees, and ruled that each party should bear its own costs. It is from this judgment that Anderson now appeals.

This appeal squarely poses the issue of the constitutionality of 42 U.S.C. § 2000e–2(a) & (c) and 42 U.S.C. § 2000e(j). We hold that those provisions of Title VII are constitutional for the reasons expressed in our opinion in *Tooley v. Martin Marietta Corp.*, 648 F.2d 1239 (9th Cir. 1981), which was argued with this case, on the same date, before this panel. We therefore reverse and remand for entry of judgment consistent with this opinion. We also conclude that Anderson is entitled to a reasonable attorney's fee as a part of his costs, pursuant to 42 U.S.C. § 2000e–5(k), in an amount to be fixed by the district court on remand.

REVERSED and REMANDED.